
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY A. TUBBS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> HENRY SONNY GOHRMAN; JANE DOE GOHRMAN, and the marital community composed thereof; SNOHOMISH COUNTY, a municipal corporation, <br><br> Defendants - Appellees. | No. 12-35414 <br><br> D.C. No. 2:11-cv-00749-JLR <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted August 27, 2013**
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.[***]

The Estate of Daniel Wasilchen, Virginia B. Vukasin, and Kimberly A. Tubbs (collectively, "the Estate") appeal from the district court's summary judgment in favor of Snohomish County and Henry "Sonny" Gohrman, the County's Noxious Weed Coordinator, on their 42 U.S.C. § 1983 and state law claims. Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, review de novo, and may affirm the district court on any basis supported by the record. *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006).

The Estate's state-created danger claim under the Fourteenth Amendment fails because Gohrman did not affirmatively place Wasilchen in danger, nor did he act with deliberate indifference to a "known or obvious danger" to Wasilchen. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006) (internal quotation marks and citation omitted). Construing the factual disputes to favor the Estate, as we must, the danger to Wasilchen's bodily security arose not from the mere fact of Gohrman's return with law enforcement, but from Wasilchen's arming himself, aiming at Gohrman, and refusing to drop his weapon as ordered by law

---

[***] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

enforcement. Wasilchen's warning to Gohrman that Wasilchen would shoot Gohrman if Gohrman returned does not render Wasilchen's injury the result of state-created danger. Wasilchen himself created the dangerous situation; the state did not create or expose Wasilchen to danger which he "would not have otherwise faced." *Id.* at 1061. For the same reason, the Estate cannot establish the "deliberate indifference" necessary to succeed on its claim that Gohrman violated appellant Vukasin's Fourteenth Amendment liberty interest in Wasilchen's companionship. *See Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).

The Fourth Amendment claims based on the provocation doctrine also fail. The Estate has not shown a triable issue that Gohrman committed any "independent Fourth Amendment violation." *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002) ("[W]here an officer intentionally or recklessly provokes a violent confrontation, if the provocation is an independent Fourth Amendment violation, he may be held liable for his otherwise defensive use of deadly force.").

To begin, Gohrman did not violate the Fourth Amendment by returning to Wasilchen's residence and parking his vehicle beside the highway, on what the Estate characterizes as Wasilchen's "driveway." No reasonable juror could find objectively reasonable Wasilchen's subjective expectation of privacy in the area,

-3-

which was County property and as to which Wasilchen had made no effort to prevent public access. *See generally United States v. Dunn*, 480 U.S. 294 (1987).

Next, Gohrman's first encounter with Wasilchen was not an unreasonable "investigatory stop" in violation of the Fourth Amendment. An investigatory stop requires actual submission to a state official's assertion of authority. *United States v. Caseres*, 533 F.3d 1064, 1069 (9th Cir. 2008) (citing *Florida v. Bostick*, 501 U.S. 429, 436–37 (1991)). The Estate concedes that no such submission occurred here.

Finally, Gohrman's actions did not "set[] in motion a series of acts by others" that Gohrman knew or reasonably should have known would cause Deputy Rasar to shoot Wasilchen. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The Estate does not allege excessive force or any wrongdoing by Deputy Rasar. Even assuming *arguendo* that the shooting could be considered an unconstitutional Fourth Amendment seizure if Gohrman engineered it by conveying "deliberate falsehoods" to law enforcement, the many subsequent, intervening events, including Wasilchen's imminent threat to Gohrman's life, distinguish this case from others where state action has given rise to a foreseeable risk of constitutional injury. *Cf. Alexander v. City & Cnty. of San Francisco*, 29 F.3d 1355 (9th Cir. 1994) (concluding that officers' actions gave rise to foreseeable risk of

-4-

constitutional injury where officers violated the Fourth Amendment by unreasonably storming the decedent's house without a warrant).

Because there were no constitutional violations, the County has no municipal liability, *see Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006), and we need not address the Estate's arguments regarding qualified immunity. The Estate's negligence claim and Vukasin's wrongful death claim fail on the same proximate cause grounds as the state-created danger and deliberate falsehood theories. *See Cook v. Seidenverg*, 217 P.2d 799, 802 (Wash. 1950) ("There can be no liability for an act of negligence unless such act was the proximate cause of the injury."); RCW § 4.20.010 (recognizing cause of action for wrongful death where "the death of a person *is caused by* the wrongful act, neglect, or default of another") (emphasis added).

**AFFIRMED.**